Martin Kapaczynski, alias John Riley, v. Wells & French Co.

1. MASTER AND SERVANT—*Servant Does Not Assume the Risk Resulting from a Direct Command.*—When, by the order of the master or one standing in that relation, the servant is directed to encounter a danger, his duty being that of obedience, he does not assume the risk. The employe must always exercise the degree of care which an ordinarily prudent person would have exercised under the same circumstances, but he does not assume the risk resulting from a direct command.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and judgment entered in this court. Opinion filed December 4, 1903. Rehearing denied December 22, 1903.

Appellant, for three years before he received the injury for which this suit was brought, had operated for appellee a planer and joiner, and was paid therefor one dollar and sixty cents per day. The machine was intended to plane, cut grooves, gains and tenons, and do other kinds of work, and appellant had upon it done the various kinds of work which it was intended to do. As a part of the machine were two tables, the back one stationary, the front one so constructed that it can be placed and held at any distance from the other between an inch and seven-eighths and twelve inches. The opening between the tables is called the throat, and in this throat runs, at a speed of 3,500 revolutions per minute, a cylinder. To prepare the machine for a particular kind of work a proper head is placed on the cylinder and proper knives or other cutting tools in the head, and the throat made of proper width for the head.

In planing, when, as on the day in question, it is desired to make the cut a sixteenth of an inch deep, the top of the front table is placed a sixteenth of an inch below the top of the back table. The knives are on a level with the back table and revolve toward the front table. The piece of wood to be planed is placed upon the front table and its

front held by the operator against the knives; when a space equal to the width of the throat has been planed the front end of the piece will rest upon the back table and the piece then have a bearing upon each table. To make a change in the width of the throat it is necessary to loosen certain screws, move the front table and then tighten the screws.

It is shown that appellant knew how to put knives in the head and to adjust the knives to the tables but it is not shown that he ever changed the width of the throat or that he knew how to make such changes. On the day of the injury appellant was directed by his foreman to plane upon said machine, with a cut of a sixteenth of an inch, about 200 wooden spools. These spools were eight inches long and two inches thick. The throat of the machine was then three and a quarter inches wide and without changing the width of the throat appellant put in a proper head, put the proper knives in the head and adjusted the knives and tables so as to make the required cut. Not long afterward, while planing a spool, the spool was forced or kicked out of his hands and the fingers of his left hand were thereby brought in contact with the knives and were so injured as to require amputation. Two verdicts in favor of the plaintiff have been rendered and set aside. At the last trial the court directed a verdict for the defendant and entered judgment upon the verdict. In the final order after the prayer for and allowance of an appeal to this court is the following:

"Thereupon, on the agreement of the parties now here made in open court, it is ordered that upon an appeal taken to the Appellate Court, if this case is reversed by said Appellate Court upon the ground that the plaintiff is entitled to recover in this cause under all the evidence introduced in this cause and submitted to the jury, then judgment be entered against the defendant and in favor of the plaintiff for the sum of three thousand dollars."

EDWARD MAHER, JAMES V. O'DONNELL and GEORGE L. TURNBULL, attorneys for appellant.

AMERICUS B. MELVILLE, F. J. CANTY and J. C. M. CLOW, attorneys for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Except as to one matter, there is little controversy between the parties as to what occurred on the day of the injury, but that matter is one of controlling importance. The contention of appellant is that on the morning of the day of his injury his foreman told him to put planing knives in the machine and set the machine for a cut of one-sixteenth of an inch; that he did so and then the foreman told him that the inspector had rejected the spools in question because they were too rough and that he should take them to his machine and plane them; that he told the foreman that the throat was too wide for such short pieces; that he had not done such work on said machine and that the spools should be taken upstairs and planed upon a planer which had a fixed throat an inch and three-quarters wide; that the foreman refused to send the spools to be planed on the other machine; that appellant then told him that he could not get the tables closer together; that the foreman said that he would get them closer together and tried to do so and could not move them, and then told appellant to go on and plane the spools before the superintendent saw them; that appellant then proceeded to plane the spools on the machine with its throat three and a quarter inches wide; that some of the spools were cross-grained and he threw them aside; that the foreman came to him again and told him to pick up the spools he had thrown aside and plane them; that he again objected because the throat was too wide and there was a machine with a small throat upstairs and the foreman then said, "I want you to do it on this machine and if you don't want to do it, go home;" that appellant began again to plane the spools, and in planing the first or second one after his last conversation with the foreman he was injured. The testimony of the foreman was that he told appellant to get the spools and plane them on said machine; that appellant made no objection, said nothing about another machine and that except

the giving of the general order to plane the spools he had no conversation with and gave no order to appellant on the day of his injury; that said order was given several hours before appellant was injured, and that he made no attempt to move the tables close together.

The only other testimony on the subject was that of Schultz, who testified that he saw the foreman go back of one of the tables and try to push it closer to the other table but could not; that he heard the foreman tell appellant that the machine was all right, to go on and plane the spools or be discharged; of Losch, who testified that the foreman told appellant that the machine was all right, ordered him to do the work upon it or go home; and of Borowiak, who testified that he saw the foreman at the machine ten or fifteen minutes before appellant was hurt. The clear preponderance of the evidence is in favor of the contention of appellant and leads us to the conclusion that the foreman, the representative of the master, well knowing that the throat of said machine was three and a quarter inches wide, over the objection and protest of appellant, did order him to plane said spools on said machine or be discharged from the service of appellee.

That said machine with its throat at that width was not a reasonably safe machine for the work in hand is shown by the evidence and is not controverted; on the contrary it is insisted in behalf of appellee that the danger in planing said spools upon said machine with so wide a throat was so imminent that no man of prudence would have obeyed such order, and that, therefore, even if such an order was given, appellant in obeying it was guilty of such contributory negligence as to bar his recovery.

There is under the facts of this case as found by us no question of assumed risk. The distinction between assumed risk and contributory negligence in such a case as this is clearly stated in the recent case of C. & E. I. R. R. Co. v. Heerey, 203 Ill. 493. In that case Mr. Justice Cartwright said:

"When, by the order of the master or one standing in

Kapaczynski v. Wells & French Co.

that relation, the servant is directed to encounter a danger, his duty being that of obedience, he does not assume the risk. * * * The employe must always exercise the degree of care which an ordinarily prudent person would have exercised under the same circumstances, but he does not assume the risk resulting from a direct command."

We can not agree with the contention of appellee that appellant was guilty of contributory negligence in obeying the order of the foreman in this case. The holding of a spool only two inches thick and eight inches long against knives revolving 3,500 times a minute, set to make a cut of a sixteenth of an inch, is a dangerous employment with the tables an inch and seven-eighths apart, for then the spool must rest upon the front table at first and can have a bearing on the back table only when it has been planed nearly one quarter of its length; with a throat three and a quarter inches wide the danger is increased for the spool then can not rest upon the back table until it has been planed nearly one-half its length. But here the amount of work to be done was small, the increase of danger not great, and appellant, acting as an ordinarily prudent and careful man, under the circumstances might well believe that he could perform the work he was ordered to perform without injury.

After a careful examination of the record we are of opinion that the evidence shows that appellee is guilty of the negligence charged in the declaration, that thereby appellant was injured, and that appellant is not guilty of contributory negligence, and that therefore under all the evidence appellant is entitled to recover for his injuries of and from appellee.

The judgment of the Circuit Court will be reversed, and under and pursuant to the agreement of the parties shown by the record, judgment will be entered here in favor of appellant against appellee for $3,000.

Reversed and judgment entered in this court.